## Horace Tower *versus* Martin Tower *et al.*

Under *St.* 1812, *c.* 146, § 2, [Revised Stat. *c.* 58, § 12,] which authorizes "any person to kill any dog or dogs found and being without a collar," it is lawful to kill a dog if he is out of the inclosure of his owner, without a collar, although he be under the immediate care of the owner, and this be known to the person killing the dog.

TRESPASS for killing the plaintiff's dog. Upon a case stated, in the Court of Common Pleas, it appeared, that the dog, when killed, was without a collar, and was out of the inclosure of the plaintiff, but under his immediate care ; and that the defendants knew, that it was the plaintiff's dog. *Cummins* J. ruled, that the action could not be sustained, and that judgment should be rendered for the defendants. To this ruling, the plaintiff excepted.

*Robinson* and *Parish*, for the plaintiff.

*Briggs, D. N. Dewey* and *Sayles*, for the defendants, cited *St.* 1835, c. 148, § 4.

SHAW C. J. delivered the opinion of the Court. The single question is, whether it was lawful, under *St.* 1812, c. 146, § 2, to kill the plaintiff's dog. The provision is, that it shall be lawful for any person to kill any dog, found and being without a collar as aforesaid. It is contended, that the word " found " implies, out of the immediate care of the owner, as well as out of his inclosure. Even if this were a fair inference if it stood alone, it is to be considered with reference to the 1st section, which requires the owner to furnish his dog with a collar, to be *constantly* worn, whether under the care of his owner or not. It is in reference to this requisition, that the law renders it lawful to kill a dog, found anywhere, and not for the time being furnished with the protection required by law for his security. The matter seems to have been so understood by the makers of the Revised Statutes, who have dropped the word " found," and used the words only " being without a collar as aforesaid." This seems to have been done, not as introducing any new provision, for they give no notice to that effect in their report, but in pursuance of their general plan of omitting superfluous words. Revised Stat. c. 58, § 12. We think it was the intention of the legislature, not to give to the owner of a dog a right to maintain an action for destroying him, unless he had in fact given that security to the public, which the act required, by causing him at the time to wear a collar, with the name and residence of his owner marked thereon.

*Exceptions overruled, and judgment of the Court of Common Pleas affirmed.*